IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | | |
|---|---|---|
| **LASHAWN MICHELLE MINOR** | : | |
| | : | |
| Plaintiff | : | Case No. 13-CV-1793-ESH |
| | : | |
| v. | : | |
| | : | |
| **LABORATORY CORPORATION OF AMERCIA** | : | |
| | : | |
| Defendant | : | |

---

### DEFENDANT LABORATORY CORPORATION OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Defendant Laboratory Corporation of America ("LabCorp"), by and through undersigned counsel, submits this Memorandum of Points and Authorities in support of its Motion to Dismiss and states as follows:

### STATEMENT OF FACTS

On or about September 27, 2013, Lashawn Michelle Minor ("Plaintiff") filed this action entitled *Minor v. Laboratory Corporation of America*, Case No. 2013-CA-006600, in the Superior Court for the District of Columbia. LabCorp removed the case to this court on November 15, 2013.

Plaintiff's Complaint, in total, alleges: "I have been tested for HIV and the results were incorrected [sic] also HPV results and Pap smear has been incorrected [sic] and all my Blood Drawing for HIV." (*See* Complaint, Ex. 1 hereto.) Based on these allegations

Plaintiff seeks $500,000 in damages from LabCorp. (*Id.*) Plaintiff's pleading fails to state any cognizable claim for relief and, therefore, must be dismissed.

## STANDARD OF REVIEW

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a court must accept the allegations in the complaint as true. *See, e.g., Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999). In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). *See also Western Assoc. L.P. v. Market Square Assoc.*, 235 F.3d 629, 633 (D.C. Cir. 2001) ("The court assumes that the factual allegations in the complaint are true, but it is not bound by the complaint's legal conclusions.").

"[A] pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Williams v. Moore*, 899 F. Supp. 711, 712 (D.D.C. 1995) (quoting *Henthorn v. Department of the Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain sufficient facts, accepted as true, to state a claim "that is plausible on its face." *Id*.  In addition, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*., at 679.  As demonstrated below, Plaintiff's claim against LabCorp fails as a matter of law and must be dismissed.

## ARGUMENT

### PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM AGASINT LABCORP

The entirety of Plaintiff's complaint states: "I have been tested for HIV and the results were incorrected [sic] also HPV results and Pap smear has been incorrected [sic] and all my Blood Drawing for HIV."  (*See* Complaint.)  Plaintiff has failed to plead any cognizable cause of action.  She has not identified what LabCorp did, how it purportedly did something in violation of the applicable standard of care, or how she was injured, if at all, by any alleged wrongdoing by LabCorp.

A claim is facially plausible when the factual content "allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While plausibility does not equate to the "probability requirement, [a plaintiff must show] more than a sheer possibility that a defendant acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Here, even if all of Plaintiff's allegations are taken as true, it is impossible to determine the cause of action the Plaintiff is bringing, what allegedly wrongful actions, if any, are attributed to LabCorp, or what injury Plaintiff allegedly suffered.  Plaintiff's Complaint is devoid of facts to support any theory of liability as to LabCorp and fails to relate any of the pleaded facts to the elements of a cognizable cause of action.

As such, Plaintiff's allegations do not arise to a facially plausible claim for relief as a matter of law and her Complaint must be dismissed.

WHEREFORE, Defendant LabCorp respectfully requests this action be dismissed.

DATED:  November 20, 2013

Respectfully submitted,

/*s*/ Bruce R. Parker

Bruce R. Parker (Bar No. 437418)
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
brparker@venable.com
(410) 244-7400
(410) 244-7742 (fax)

*Attorney for Laboratory Corporation of America*